UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTORIA RIGBY,**

        **Plaintiff,**

**v.**                                                 **Case No: 6:22-cv-2109-PGB-DCI**

**DIRECT GENERAL INSURANCE COMPANY,**

        **Defendant.**

___

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Default Judgment (Doc. 14)
>
> **FILED:** February 9, 2023
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff brings this diversity action against Defendant for breach of contract. Doc. 1. The Clerk has entered default judgment (Doc. 13), and pending before the Court is Plaintiff's Motion for Entry of Final Default Judgment. Doc. 14 (the Motion). Plaintiff has also filed a sworn statement in support of the Motion. Doc. 15 (the Statement).

The Motion is due to be denied for failure to comply with Local Rule 3.01(a). Namely, Plaintiff does not include a legal memorandum of law in the Motion or the Statement in support of the request. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested,

a statement of the basis for the request, and a legal memorandum supporting the request."). Instead, Plaintiff provides a citation to Federal Rule of Civil Procedure 55(b)(2), which is insufficient for the Court to adequately determine if default judgment is appropriate.

Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Here, the Complaint includes one breach of contract claim pursuant to Florida law (Doc. 1), but the Motion lacks any citation to authority or analysis to address the elements of that cause of action under the applicable law. Plaintiff's only reference is to Florida Statutes sections 627.428, 627.70152, and 626.9373 offered in support of the request for attorney fees and costs. Doc. 15 at 3. Plaintiff does not otherwise set forth the elements of breach of contract in Florida or demonstrate how the well plead allegations of the Complaint establish each element. It is not the Court's role to attempt to determine which of the allegations in the Complaint satisfy the elements of the claim. *See United States ex. rel. Phoenix Metals Co. v. Worthfab, LLC*, 2020 U.S. Dist. LEXIS 118796, at *2 (M.D. Fla. July 7, 2020) (denying without prejudice a motion for default judgment because the plaintiff did not discuss the elements for each claim, provide citations to authority as to these elements, and support each element by pinpoint citation to the factual allegations in the complaint.); *Gonopolsky v. Korchak*, 2007 U.S. Dist. LEXIS 38271, at *3 (May

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

25, 2007) (finding that a motion for default judgment was insufficient because there was no discussion of the elements of each cause of action and how the allegations of the complaint, taken as true, satisfy the elements.). Further, Plaintiff must establish that the Court has personal jurisdiction over Defendant. Plaintiff does not mention jurisdiction. *See* Docs. 14, 15.

Finally, if Plaintiff refiles the request for relief, Plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id*. (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). The Court recognizes that the Statement has a breakdown of the requested damages, but there is no citation to authority to support the request.

Should Plaintiff decide to renew the request for default judgment, Plaintiff shall comply fully with Local Rule 3.01(a) and, in particular, address the elements of the breach of contract claim for which default judgment is sought and the specific, well-pled facts in the operative complaint that satisfy each of those elements, as well as personal jurisdiction.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 14) is **DENIED without prejudice**;

2. **on or before April 25, 2023**, Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules of this Court; and

**Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.**

Ordered in Orlando, Florida on April 11, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE