UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTORIA RIGBY,**

        **Plaintiff,**

**v.**                                           **Case No: 6:22-cv-2109-PGB-DCI**

**DIRECT GENERAL INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Second Motion for Default Judgment (Doc. 18)
>
> **FILED:** April 24, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

### I. Background and Procedural History

On November 15, 2022, Victoria Rigby (Plaintiff) initiated this diversity action for breach of contract against Direct General Insurance Company (Defendant). Doc. 1 (the Complaint). Defendant did not timely respond to the Complaint and the Court granted Plaintiff's Motion for Clerk's Entry of Default. Doc. 11, 12. Plaintiff moved for default judgment, but the Court denied the motion without prejudice because it did not comply with Local Rule 3.01(a). Docs. 14, 16.

Plaintiff has since filed an Amended Notice of Filing Service of Process (Doc. 17)[1] and a Second Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). Doc. 18 (the Motion). Plaintiff has also submitted a Sworn Statement in Support of the Motion with exhibits. Doc. 19 (Sworn Statement). Defendant has not filed a timely response to the Motion and, therefore, the matter is ripe for review.

## II.    Standard

The effect of an entry of a default is that all the factual allegations in the complaint are taken as true except for the amount of unspecified damages. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). However, a default judgment may not be entered by the Court solely based on the clerk's entry of default. Rather, the allegations in the complaint must present a sufficient basis to support the default judgment on the issue of liability. *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (reviewing whether the well-pled facts stated a claim where the district court ordered a default judgment pursuant to its inherent powers to sanction litigants); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997) ("Regardless of the willfulness of a party's discovery violation, a default judgment cannot stand on a complaint that fails to state a claim."). Also, before entering default judgment, the Court must ensure that it has jurisdiction over the parties. *Swartz v. Fontana*, 2016 WL 4272213, at *1 (M.D. Fla. Aug. 15, 2016).

Thus, prior to entering a default judgment, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive

---

[1] The Notice of Service of Process states that the Chief Financial Officer for the State of Florida (Florida's CFO) accepted service of process and service was forwarded to the designated agent for Direct General Insurance Company via electronic delivery. Doc. 17-1.

cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Where a complaint fails to state a claim, a default judgment on the complaint may not stand. *United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006).

Once liability is established, the Court turns to the terms of the judgment. Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If unspecified monetary damages are sought, the party moving for default judgment has the burden to prove the unliquidated sums in a hearing on damages or otherwise. Fed.R.Civ.P. 55(b)(1)-(2). Pursuant to Rule 55(b)(2), the Court "may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate the matter."

### III. Discussion

#### A. Personal Jurisdiction

In assessing personal jurisdiction, the Court must first assess the validity of service of process. *360 Exterior Sols., LLC v. 360 Bld. Sols., LLC*, at *4 (M.D. Fla. Jan. 25, 2022) 2022 WL 218563 (citing *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (finding that "insufficient service of process . . . implicates personal jurisdiction and due process concerns.")). The Motion does not address service of process under Florida law, so the Court looks on its own accord to the Florida statutes. Here, Plaintiff served Defendant by serving Florida's CFO as Defendant's agent. The Notice of Service of Process reflects that Florida's CFO received the service of process on November 29, 2022 and forwarded a copy by electronic delivery to the designated agent for the named entity on December 1, 2022. Doc. 17-1.

Florida generally permits this type of service in insurance matters. Florida Statutes section 624.423 provides that, upon receiving service from a plaintiff, "the [CFO] shall. . . retain a record of the process and promptly notify and make the process available through the department's secure online portal, as provided under s. 624.307(9), to the person last designated by the insurer to receive the same, as provided under s. 624.422(2)."

Florida Statutes section 624.307(9) further permits Florida's CFO to make available the process through electronic means. Specifically, the statute provides the following:

> Upon receiving service of legal process issued in any civil action or proceeding in this state against any regulated person or any unauthorized insurer under s. 626.906 or s. 626.937 that is required to appoint the Chief Financial Officer as its agent to receive service of all legal process, the Chief Financial Officer shall make the process available through a secure online portal established by the department to the person last designated by the regulated person or the unauthorized insurer to receive the process. When process documents are made available electronically, the *Chief Financial Officer shall promptly send a notice of receipt of service of process to the person last designated by the regulated person or unauthorized insurer to receive legal process.* The notice must state the date the process was made available to the regulated person or unauthorized insurer being served and contain the uniform resource locator (URL) where the process may be obtained.

Fla. Stat. § 624.307(9) (emphasis added).

Since Plaintiff alleges that Defendant is an insurance company and a foreign profit corporation and Florida's CFO is listed as the Registered Agent for Defendant,[2] service of process seemed ostensibly adequate upon consideration of the Motion for Clerk's Entry of Default. Review of the Motion and supporting documents, however, raises concerns. Namely, the Notice of Service of Process states that Florida's CFO forwarded process to:

> Direct General Insurance Company
> Sally Hall
> Mail Code 1A04 PO BOX 3199
> Winston-Salem, NC 27102

---

[2] *See* www.sunbiz.org.

Doc. 17-1.

The issue is there is nothing before the Court to show that Sally Hall is the person last designated for process. Plaintiff does not address the identity of this individual in the Motion for Entry of Clerk's Default, the pending Motion, or the Sworn Statement. Docs. 9, 18, 19. Also, Sally Hall's name does not appear on the Florida Department of Corporation's website, at least with respect to Defendant's Foreign Profit Corporation details. *See* www.sunbiz.org. That is not to say that the last-designated person would be identified in that location, but Sally Hall's name is not reflected anywhere in the record or from a cursory review of the Division of Corporation's website, and the Court is unable to verify this individual's status or relationship with Defendant.

The Clerk's entry of default is not dispositive on the issue of final default judgment, and the Court finds it necessary to confirm that Florida law was followed before granting relief. *See Dunn v. Prudential Ins. Co. of Am.*, 2011 WL 52867 at *2-3 (M.D. Fla Jan. 7, 2011) (finding that service was proper but only after considering an affidavit and other evidence reflecting that the CFO forwarded process to the designated agent for Defendant); *Dririte of Cent. Fla. Inc. v. Ironshore Ins., Ltd.*, 2009 WL 5171771, at *2 (M.D. Fla. Dec. 22, 2009) (finding that no valid or binding service was effected on the defendant when the CFO failed to properly forward process) (citing *Home Life Ins. Co. v. Regueira*, 243 So.2d 460 (Fla. 2d DCA 1971) (finding that when statutory agent fails to follow forwarding procedures, there can be no valid or binding service of process upon the insurer).

Based on the foregoing, the Motion is due to be denied.

### B. Adequacy of Pleadings

Assuming arguendo that Plaintiff demonstrated that service of process was sufficient, the Court still finds that Plaintiff is not entitled to default judgment at this juncture based on the

pleadings and the attached exhibits. Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992). A material breach occurs "when an injured party has sustained a substantial injury due to the breach." *Bland v. Freightliner LLC*, 206 F.Supp.2d 1202, 1210 (M.D. Fla. 2002) (citing *Malladi v. Brown*, 987 F.Supp. 893 (M.D. Ala. 1997).

According to the Complaint, Plaintiff purchased a flood dwelling insurance policy for June 1, 2021 through June 1, 2022. Doc. 1 at 2. Plaintiff has attached a document entitled "Flood Policy Declarations" purportedly underwritten by Defendant. *Id*. at 5 (the Policy). Plaintiff alleges that a flood damaged Plaintiff's real and personal property and Plaintiff made a timely application for insurance benefits under the Policy. *Id*. at 2, 3. Plaintiff claims that "Defendant has a duty to indemnify the Plaintiff in the event of a covered cause of loss during the policy period" and Defendant breached the Policy by failing to pay the full benefits due. *Id*. at 3. Plaintiff asserts that she "has been damaged by failing to receive the full benefits available under the Policy for her loss" and "Plaintiff is entitled to the full cost of repair of the damage to her property. . . ." *Id*.

First, the Court is not necessarily persuaded that Plaintiff's allegation regarding breach is sufficient. The United States Supreme Court has noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, but it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678 (internal citations omitted). This standard is equally applicable to motions for default

judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806, at *5 (M.D. Fla. November 24, 2009).

Here, Plaintiff makes a blanket statement that "Defendant has a duty to indemnify" and alleges that Defendant failed to pay the full benefits. Plaintiff offers nothing more on the source of Defendant's "duty" and the Court finds the allegation to be conclusory. So, the Court turns to the Policy, as it is part of the Complaint.[3] But the Policy, as exhibited to the Complaint, does not exactly support Plaintiff's allegation. Simply put, the Policy does not mention a "duty to indemnify" and the Court will not assume that one exists with respect to Defendant.

Second, assuming the duty exists by virtue of the Policy, the Policy does not specifically reflect that the duty lies with Defendant. Generally, if the exhibits conflict with the allegations in the complaint, the exhibits control. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern."). Even though Plaintiff pleads that Defendant has a duty to indemnify, the Policy identifies five different entities: Beyond Floors, We Insure Inc., Nat Gen, Direct General Insurance Company, and Direct General Insurance Agency. Doc. 1 at 5-7. On the issue of coverage, the Definition section of the policy states that, "'we', 'us', and 'our' refer to *the insurer* providing coverage under this policy." *Id*. at 7 (emphasis added). While Defendant is named on the Declaration Page as an underwriter, there is no language that identifies Defendant as "the insurer." The Court will not assume this status to create a duty.[4]

---

[3] *See* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[4] The Court notes that it might be that more information on the identity of "the insurer" is missing because the attached document is not the entire agreement. According to the Complaint, Plaintiff has attached "[a] copy of the Policy as it exists in Plaintiff's possession" (Doc. 1 at 2) and,

Further, the only signature on the Policy purportedly belongs to the Managing General Agent of "Direct General Insurance Agency." Doc. 1 at 6. This is not the named Defendant in this case. There is nothing in the Compliant or in the Policy that addresses this entity's relationship with Defendant. Again, the Court will not assume that the agency signed on behalf of or has any affiliation with Defendant regardless of the general similarity in their names. As such, the Court is not convinced that Plaintiff has adequately alleged nor do the filings reflect that Defendant is responsible for the breach. Instead, the Policy contains language that seems contrary to the pleadings. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.'" *Iqbal*, 56 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

Finally, with respect to the allegation that "Plaintiff is entitled to the full cost of repair of the damage to her property", the Policy calls into question this claim. According to the document, the "Declaration Page is attached to and forms part of the Policy" and it lists Navy Federal Credit Union as "Mortgagee/Additional Insured/Loss Payees." Doc. 1 at 5, 6. The Complaint does not mention Navy Federal Credit Union or its status as "loss payees." *See id*. It seems that this verbiage may contradict Plaintiff's allegation regarding entitlement and the Policy controls.

Based on the foregoing, the Court is not persuaded that the allegations in the Complaint must present a sufficient basis to support the default judgment on the issue of liability.

### C. The Motion for Default Judgment

Even if Plaintiff demonstrated sufficient service of process and the allegations in the Complaint are adequately pled and the Policy fully supports the pleading, the Motion raises another

---

therefore, it is possible that Defendant's role as the "insurer" appears elsewhere in materials not before the Court.

issue regarding the alleged breach and liability. According to the Motion, Plaintiff contends that "Defendant accepted coverage for the loss but breached its obligation under its Policy when it failed to pay Plaintiff for her full damages and decided to only pay the Plaintiff $2,872.03." Doc. 18 at 8, citing Doc. 1, Doc. 15-2 at 2.[5] As support, Plaintiff refers the Court to a letter dated July 19, 2022, wherein Plaintiff was informed that the investigation revealed that the property was damaged from a flood and "[a] loss settlement amount based off the field adjuster's estimate was sent to [her] in the amount of" $2,872.03.[6] Doc. 15-2 at 2.

However, there is no indication that Defendant sent this letter or was involved in the claim determination in any capacity. Instead, the letter identifies "National General Insurance Company" as the insurance carrier and is purportedly sent from "Beyond Floods National General Insurance Company." *Id*. at 2, 3. The letter directs Plaintiff to deliver "[a]ny written demands, notices, or correspondence allowed or required under the policy" to "claims@beyondfloods.com or National General Insurance Company." *Id*. at 3. Beyond Floods and National General Insurance logos are on the top and bottom of the document—the named Defendant in this case is never mentioned. *See id*. at 2-4. Also, Plaintiff's "Sworn Statement in Proof of Loss" is directed to National General Insurance Company—the named Defendant appears nowhere on the claim. *See* Doc. 19-1 at 2.

In other words, while Plaintiff alleges in the Complaint that Defendant refused to pay the full loss (Doc. 1 at 3), it does not appear that Defendant was involved in that refusal based on the documents upon which Plaintiff relies. To be clear, it may be that Defendant did refuse or is

---

[5] The exhibit filed at Doc. 15-2 is the same document attached to the Sworn Statement at Doc. 19-2.

[6] Plaintiff sought $83,768.73. Doc. 19-1 at 2.

otherwise responsible, but the supporting materials do not set forth a factual basis for the allegation.  *See Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, 2016 WL 1559164, at *5 (M.D. Fla. Mar. 30, 2016), *report and recommendation adopted*, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016) ("Moreover, the conclusions advanced in the [motion for default judgment] are contradicted by other filings"); *see also Global Auto v. Hitrinov*, 2021 WL 7367078, at *5 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, 2021 WL 593613 (Feb. 28, 2022) ("Although a motion for default judgment requires the court to accept all well-pleaded allegations as true, an allegation is not well-pleaded if it is contradicted by the parties' own pleadings and submissions in support of default judgment.") (citing *Getty Images (US) Inc. v. Advernet, Inc.*, 797 F.Supp. 2d 399, 439 (S.D.N.Y. 2011) ("Allegations are not well-pledged 'which are contrary to uncontroverted material in the file of the case.'") (internal citations omitted).

Additionally, with respect to the claim for damages, ". . . a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from . . .." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F.Supp.2d 1287, 1293-94 (S.D. Ala. 2010) (emphasis in the original).  Based on the evidence as it currently stands in the record, the Court cannot ascertain how Plaintiff can successfully show that the damages "come from" Defendant when the claim was not submitted to Defendant, and it does not appear that Defendant denied it.

In sum, even if there is a default, the Plaintiff bears the burden of demonstrating entitlement to relief and that has not occurred.

Finally, the Court notes that many of these issues related to the adequacy of the pleadings and the Motion are exacerbated by the service issues in this case; issues that are especially concerning when the named Defendant has active litigation in this Court and is represented by

counsel in that litigation. Plaintiff is urged to take a second look at both service and the named Defendants and ensure that the correct defendants are named, and all necessary parties are joined to this action.

### IV.   Conclusion

Based on the foregoing, the Motion (Doc. 18) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on May 16, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties